UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| George Lee Odemns III, | ) |
| | ) |
| Plaintiff, | ) Case: 1:16-cv-01995 (F-Deck) |
| | ) Assigned To : Unassigned |
| v. | ) Assign. Date : 10/6/2016 |
| | ) Description: Pro Se Gen. Civil   Jury Demand |
| Theodore John Leonsis *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3). In addition, a complaint may be so "patently insubstantial" as to deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) ("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.' ") (quoting *Tooley*, 586 F.3d at 1009)).

1

Plaintiff, a District of Columbia resident, purports to sue various defendants in the sports and entertainment industry. His primary target, however, appears to be Ted Leonsis, who owns the Washington Wizards professional basketball team and various other sports and entertainment businesses. The alleged wrongful conduct is wholly unclear. Plaintiff states that he "is the Electronic sole author without exceptions for the said alleged . . . defendants and total assets that all affects interstate and foreign commerce and still continue to do so." Compl. at 6. The statements comprising the prolix complaint continue in this largely incoherent manner. The Court discerns no claim over which it can exercise subject matter jurisdiction. Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

_/s/ Tanya C._____
United States District Judge

DATE: October 4, 2016